991 F.2d 810
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Christine P. MORTON, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3338.
 United States Court of Appeals, Federal Circuit.
 March 11, 1993.
 
 Before LOURIE, RADER and SCHALL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Christine Morton petitions for review of the February 28, 1992 final decision of the Merit Systems Protection Board, Docket No. DC0752910711I1, dismissing her appeal as having been untimely filed. Because Ms. Morton did not show good cause for her untimely filing, we affirm.
 
 DISCUSSION
 
 2
 Ms. Morton was employed as a secretary at the Naval Facilities Engineering Command, Alexandria, Virginia. In July, 1992, the Command decided to remove Ms. Morton for failing to maintain an acceptable level of performance. Subsequently, Ms. Morton resigned. She then filed an appeal claiming her resignation was involuntary. In September, 1991, the Administrative Judge (AJ) issued an initial decision, which became final on October 23, 1991, dismissing Ms. Morton's appeal. The AJ found that Ms. Morton's resignation was voluntary and therefore not within the Board's jurisdiction.
 
 
 3
 On October 29, 1991, Ms. Morton petitioned for review of the AJ's decision. On November 7, 1991, the Clerk of the Board informed Ms. Morton that her petition was rejected as deficient because it was untimely. The Clerk's notice stated that any petition for review that is untimely must be accompanied by an affidavit or sworn statement, showing good cause for her late filing. See 5 C.F.R. § 1201.114(f) (1991). The notice gave Ms. Morton 15 days beyond the notice's date of issuance to show good cause. Ms. Morton timely refiled her petition with a statement that the delay arose due to her work schedule and depressive state of mind. However, the statement was neither an affidavit nor signed under the penalty of perjury.
 
 
 4
 On February 28, 1992, the Board dismissed Ms. Morton's petition for review as untimely filed. The Board found that Ms. Morton had not complied with its regulations requiring the submission of either an affidavit or sworn statement attesting to her reasons for untimely filing. See id. Moreover, the Board determined that Ms. Morton's submission failed to demonstrate the due diligence and prudence required to establish good cause for her untimely filing of the petition for review. Ms. Morton then appealed to this court.
 
 
 5
 Litigants before the Board are obligated to respect the Board's procedures. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). Additionally, the Board has broad discretion to decide whether to waive the time for appeal, and this court will not substitute its judgment for that of the Board. Id. We review the Board's decision under a narrow standard, affirming the judgment unless it is arbitrary, capricious, an abuse of discretion, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). On appeal, Ms. Morton bears the burden to establish that her motion to the Board showed good cause for her untimely petition for review, and that the motion was submitted in the form of an affidavit or sworn statement. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Ms. Morton has made neither assertion, nor is there evidence in the record to support these assertions. Under the circumstances, we find no reversible error in the Board's decision.